IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DWAYNE HARRIS,

        Plaintiff,

  v.

OLIVIA KARL, *et al.*,

        Defendants.

Case No. 2:05-CV-1133

JUDGE GEORGE C. SMITH

Magistrate Judge Norah McCann King

## OPINION AND ORDER

This is a civil rights action brought under 42 U.S.C. § 1983 by Dwayne Harris ("plaintiff"), an inmate at the Richland Correctional Institution in Mansfield, Ohio. This matter is before the Court on *Plaintiff's Motion to Strike Defendants' Opposition to Plaintiff's Motion for Summary Judgment* ("*Plaintiff's Motion to Strike*"), Doc. No. 17, and on *Defendants' Motion for Enlargement of Time to Serve Plaintiff with Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment* ("*Defendants' Motion for Time Extension*"), Doc. No. 18. For the reasons that follow, *Plaintiff's Motion to Strike* is **DENIED** and *Defendants' Motion for Time Extension* is **GRANTED**.

    A.    **Defendants' Motion for Extension of Time**

Plaintiff filed a motion for summary judgment on March 22, 2006. Doc. No. 11. Defendants filed *Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment* ("*Defendants' Memorandum Contra*") on April 7, 2006, well within the required time

for filing. Doc. No. 13. *See* S.D. Ohio L.R. 7.2(2). Defendants, however, failed[1] to serve a copy of their response on plaintiff. Defendants move, under Fed. R. Civ. P. 6(b)(2), for an enlargement of time in which to serve *Defendants' Memorandum Contra* upon plaintiff.

Fed. R. Civ. P. 6(b)(2) confers on this Court discretion to grant a motion for an enlargement of time "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(2). The United States Court of Appeals for the Sixth Circuit has recognized that "excusable neglect" may extend to inadvertent delays. *Alternative Travel, Inc. v. Worldspan L.P.*, 52 Fed. Appx. 693, 698-99 (6th Cir. 2002) (citing *Raymond v. Int'l Bus. Machines, Corp.*, 148 F.3d 63, 66 (2d Cir. 1998)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect,' it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Raymond*, 158 F.3d at 66 (citations omitted). "In other words, mere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." *Id.* Inquiry into whether a failure to abide by a specified time constraint constitutes "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith. *Id.* (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In the case *sub judice*, plaintiff points to no evidence that defendants acted in bad faith. Moreover, plaintiff can establish no prejudice suffered by him as a consequence of either

---

[1] Defendants assert that the failure was inadvertent.

defendants' failure to immediately serve him or the grant of the extension of time in which to do so.  Accordingly, *Defendants' Motion for Time Extension* is **GRANTED**.  Plaintiff may have fourteen (14) days from the date of this *Opinion and Order* to file a reply in support of his motion for summary judgment.

   B.  **Plaintiff's Motion to Strike**

  Plaintiff moves this Court under Fed. R. Civ. P. 12(f) for an order striking *Defendants' Memorandum Contra* for failure to effectuate service upon plaintiff.  Rule 12(f) provides, "upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Because striking a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted.  *AT&T Global Information Solutions Co. v. Union Tank Car Co.*, 1997 U.S. Dist. LEXIS 6090, C2-94-876, 1997 WL 382101 (S.D. Ohio Mar. 31, 1997) (citing *Brown and Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *Morrow v. South*, 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) ("Motions under Rule 12(f) are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy.").

  As discussed *supra*, although defendants failed to serve plaintiff with *Defendants' Memorandum Contra*, plaintiff suffered no prejudice as a result of that failure.  Defendants' failure, now remedied, is not the sort of misconduct that should result in the imposition of the "drastic remedy" requested by plaintiff.  *See AT&T Global Information Solutions Co., supra*.  Accordingly, *Plaintiff's Motion to Strike* is **DENIED**.

**WHEREUPON**, in light of the foregoing, *Defendants' Motion for Extension of Time*, Doc. No. 18, is **GRANTED** and *Plaintiff's Motion to Strike*, Doc. No. 17, is **DENIED**.  Plaintiff may have fourteen (14) days from the date of this *Opinion and Order* to file a reply in support of his motion for summary judgment.

| | |
|---|---|
| June 14, 2006 | s/Norah McCann King |
| Date | Norah M<sup>c</sup>Cann King |
| | United States Magistrate Judge |