## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DWAYNE HARRIS,**

        **Plaintiff,**

            **v.**

                **Case No. 2:05-CV-1133**

                **JUDGE GEORGE C. SMITH**

                **Magistrate Judge Norah McCann King**

**OLIVIA KARL,** *et al.*,

        **Defendants.**

## ORDER
## AND
## REPORT AND RECOMMENDATION

This is a civil rights action under 42 U.S.C. §1983 ("Section 1983"), in which plaintiff, a prisoner of the State of Ohio, alleges that the Ohio Adult Parole Authority ("OAPA") violated his constitutional rights and acted in breach of his plea agreements by considering at his parole hearing an aggravated assault conviction for which the sentence had expired. This matter is before the Court on *Defendants' Motion to Dismiss*, Doc. No. 7, *Plaintiff's Motion for Summary Judgment*, Doc. No. 11, and *Plaintiff's Motion for Leave to File an Amended Complaint to Include a Writ of Habeas Corpus Claim, Pursuant to 28 U.S.C. 2254 and 28 U.S.C. 2241(c)(3)* ("*Plaintiff's Motion for Leave to File an Amended Complaint*"), Doc. No. 24. For the reasons that follow, *Plaintiff's Motion for Leave to File an Amended Complaint* is **DENIED** and it is **RECOMMENDED** that *Defendants' Motion to Dismiss* be **GRANTED** and that *Plaintiff's Motion for Summary Judgment* be **DENIED** as moot.

**I. FACTS**

The relevant facts in this action are undisputed.  Plaintiff is currently incarcerated at the Richland Correctional Institution ("RCI") in Mansfield, Ohio.  *Complaint* p.3.  Plaintiff is incarcerated for three sets of convictions.  *Id.* ¶ 8, pp. 9-10 and *Exhibit B*.  The first set includes convictions for kidnapping, rape and felonious assault, with a gun specification for which plaintiff was sentenced to an additional 3 years, 13 to 25 years each for the rape and kidnapping convictions and 12 to 15 years for the felonious assault conviction.  *Id.*  The second set includes convictions for kidnapping and rape, resulting in a concurrent 10 to 25 year sentence.  *Id.* and *Exhibit C*.  The third set consists of a separate aggravated assault conviction stemming from an attack on another inmate while plaintiff was awaiting disposition of the first two sets of convictions.  *Id.* and *Exhibit D*.  Plaintiff received a 1 ½ year definite sentence for that conviction, which was to run concurrently with the sentences imposed in the other cases.  *Id.*

Plaintiff was granted his first parole hearing in December 2000.  *Id.* ¶ 9, pp. 10-11 and *Exhibit E*.  At that time, plaintiff had served the 1 ½ year definite sentence for the aggravated assault conviction.  *Id.*  Plaintiff was denied parole at that time and the parole board scheduled plaintiff's next parole release hearing after he had served a total of 263 months.  *Id.* and *Exhibit F*.  In deferring plaintiff's next hearing, the Parole Board considered all plaintiff's convictions for which he was incarcerated, including the aggravated assault conviction.  *Id.*

On February 21, 2001, plaintiff filed an action in the Franklin County Court of Common Pleas ("state court action"), complaining that the OAPA's consideration of his aggravated assault conviction in its decision setting the date of his next parole hearing violated the constitutional doctrine of separation of powers.  *Exhibit H* attached to *Complaint*, *Harris v. Wilkinson*, 2001-Ohio-4052;  *Exhibit L* attached to *Complaint*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005 Ohio

App. LEXIS 5506, ¶ 4.  Plaintiff also complained in that action that the OAPA "violated the terms of the plea agreements by considering the aggravated assault conviction for which the sentence already expired, and is a separate conviction from the others that he pled guilty to and was sentenced in 1989 that have unexpired sentences." *Exhibit L* attached to *Complaint*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005 Ohio App. LEXIS 5506, ¶ 10.  The Franklin County Court of Common Pleas rendered judgment on May 7, 2001, dismissing the state court action.  *Exhibit H* attached to *Complaint*, *Harris v. Wilkinson*, 2001-Ohio-4052, 2001 Ohio App. LEXIS 5257.

Plaintiff appealed the trial court's dismissal of his state court action to the Court of Appeals for the Tenth Appellate District, Franklin County, which, on November 21, 2001, affirmed and reversed in part the trial court's judgment and remanded the case.  *Id.*  On remand, the trial court again entered judgment in defendants' favor.  *Id.*

On December 18, 2002, the Ohio Supreme Court issued a decision which affected the parole eligibility of certain Ohio inmates, including plaintiff.  *Lanye v, Ohio Adult Parole Authority*, 97 Ohio St.3d 456, 2002-Ohio-6719 (2002);  *Complaint* ¶10, pp. 12-13 and *Exhibit I*. The parole board reconsidered plaintiff's parole in April 2003 and decided that plaintiff should serve 245 months of his sentence for his other crimes before being granted another parole hearing, establishing June 2009 as the date for his next parole hearing.  *Id.*  In making that decision, the parole board again took into account all plaintiff's convictions, including the aggravated assault conviction.  *Id.*

Plaintiff appealed the second judgment of the trial court, rendered following the earlier remand.  *Exhibit L*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005 Ohio App. LEXIS 5506.  The

appellate court considered the appeal in light of *Lanye v, Ohio Adult Parole Authority*, *supra*, and on November 17, 2005, the appellate court affirmed the trial court's decision. *Id.*

On December 15, 2005, plaintiff appealed his state court action to the Ohio Supreme Court. *Exhibit M*, *Ohio Supreme Court Entry*. On March 4, 2006, the Ohio Supreme Court declined to entertain the action because it did not involve "any substantial constitutional question." *Id.*

On December 19, 2005, plaintiff filed the instant action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the OAPA violated his constitutional rights and acted in breach of his plea agreements by considering the aggravated assault conviction at his parole hearings and in setting his next parole eligibility hearing.

On February 10, 2006, defendants filed *Defendants' Motion to Dismiss*. Doc. No. 7. On February 23, 2006, plaintiff filed *Plaintiff's Opposition to Defendants' Motion to Dismiss*, Doc. No. 8, and on March 1, 2006, defendants filed *Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss*, Doc. No. 10.

On March 22, 2006, plaintiff filed *Plaintiff's Motion for Summary Judgment*, Doc. No. 11, and on July 7, 2006, plaintiff filed *Plaintiff's Motion for Leave to File an Amended Complaint*, Doc. No. 24. These two motions are also fully at issue.

## II. STANDARDS

### A. 42 U.S.C. § 1983

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v.*

4

*Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Section 1983 is a vehicle for vindicating federal rights; it is not itself a source of substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      **B.**    *Pro Se* **Litigants**

      In this case, plaintiff is proceeding without the assistance of counsel. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the *pro se* litigant." *Id.* (citing *Hall*, 935 F.2d at 1110).

      It is with these standards in mind that the instant motions must be decided.

**III.**    **ANALYSIS**

      **A.**    **Defendants' Motion to Dismiss**

      Plaintiff alleges that it was unlawful for the OAPA to consider his aggravated assault conviction, which sentence had been fully served when setting his next parole hearing date. *Complaint* ¶¶ 10-12, pp.12-14. Additionally, plaintiff alleges that consideration of the

aggravated assault conviction was contrary to his plea agreements.  *Id.*  In *Defendants' Motion to Dismiss*, defendants argue that this action is foreclosed by the state court action.  The Court agrees.

**1.       Standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Defendants move to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).  In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true.  *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996);  *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994).  A claim will be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Thus, this Court will grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of an absence of facts or law to support the claims in it or if, on the face of the complaint, there is an insurmountable bar to relief.  *See generally, Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

**2.       *Res judicata***

The preclusive effect of the prior state court judgment in this case requires consideration of Ohio's doctrine of *res judicata.  See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same

preclusive effect as would be given that judgment under the law of the State in which the

judgment was rendered.").

> Indeed, though the federal courts may look to the common law or to the policies
> supporting *res judicata* and collateral estoppel in assessing the preclusive effect
> of decisions of other federal courts, Congress has specifically required all federal
> courts to give preclusive effect to state-court judgments whenever the courts of
> the State from which the judgments emerged would do so. . . .

*Allen v. McCurry*, 449 U.S. 90, 96 (1980) (internal citations omitted).

In *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), at paragraph one of the syllabus,

the Ohio Supreme Court held: "[A] valid, final judgment rendered upon the merits bars all

subsequent actions based upon any claim arising out of the transaction or occurrence that was the

subject matter of the previous action."  The *Grava* court further noted that 1 Restatement of the

Law 2d, *"Judgments"* (1982), Comment b to Section 24, defined "transaction" as a "common

nucleus of operative facts."  *Portage County Bd. of Comm'rs v. Akron*, 190 Ohio St.3d 106, 123

(2006) (citing *Grava*, *supra*, at 382).

> The Sixth Circuit Court of Appeals construed the *Grava* holding as setting forth
> the following requirements for the issue-preclusion prong of *res judicata*: "(1) a
> prior final, valid decision on the merits by a court of competent jurisdiction; (2) a
> second action involving the same parties, or their privies, as the first; (3) a second
> action raising claims that were or could have been litigated in the first action; and
> (4) a second action arising out of the transaction or occurrence that was the
> subject matter of the previous action."  *Hapgood v. Warren*, 127 F.3d 490, 493
> (6th Cir. 1997).

*Id.*

Application of this analysis to the facts of this case leads to the conclusion that Ohio's

doctrine of *res judicata* forecloses the relitigation in this Section 1983 action of the claims

asserted by plaintiff.  First, a prior final, valid decision on the merits was rendered by the Ohio

Supreme Court.  That is, on February 21, 2001, plaintiff filed the state court action in the

Franklin County Court of Common Pleas which rendered judgment on May 7, 2001, dismissing

the action on the merits.  *See Exhibit H* attached to *Complaint*, *Harris v. Wilkinson*, 2001-Ohio-

4052, 2001 Ohio App. LEXIS 5257;  *Exhibit L*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005

Ohio App. LEXIS 5506.  That judgment was appealed, remanded, and appealed again.  *Id.*  The

judgment, adverse to plaintiff, became final when the Ohio Supreme Court declined to entertain

the action.  *Exhibit M*, *Ohio Supreme Court Entry*.

Second, the parties in the state court action and in the instant action are identical or are in

privity with the parties to this action.  In the state court action, plaintiff named as defendants the

Chief of the OAPA, the Chairperson of the OAPA and Reginald Wilkinson, former Director of

the ODRC.  *Exhibit H* attached to *Complaint*, *Harris v. Wilkinson*, 2001-Ohio-4052, 2001 Ohio

App. LEXIS 5257;  *Exhibit L* attached to *Complaint*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005

Ohio App. LEXIS 5506.  The Ohio Supreme Court recently clarified the meaning of "privity" in

the *res judicata* context:

> We have previously stated that "what constitutes privity in the context of *res*
> *judicata* is somewhat amorphous."  *Brown v. Dayton*, 89 Ohio St.3d 245, 248,
> 2000 Ohio 148 (2000).  We have applied a broad definition to determine whether
> the relationship between the parties is close enough to invoke the doctrine.  *Id.*
> Thus, "a mutuality of interest, including an identity of desired result," may create
> privity.  *Id.*

*Kirkhart v. Keiper*, 101 Ohio St.3d 377, 379 (2004) (holding that suit against state employees in

official capacity barred suit against state employees in personal capacity).  *See also State ex rel.*

*Mora v. Wilkinson*, 105 Ohio St.3d 272, 274 (2005) (holding that suit against ODRC Director

Wilkinson barred suit against ODRC employees because they were in privity with Wilkinson).

In the case *sub judice*, plaintiff named as defendants former Director Wilkinson of the ODRC and several OAPA employees, all of whom surely enjoy "mutuality of interest, including an identity of desired result" with the Chief and Chairperson of the OAPA and who, the Court concludes, are in privity with the defendants named in the state court action.  *See Kirkhart v. Keiper*, *supra*.

Third, the instant action raises the same claims that were brought or could have been brought in the state court action.  *Complaint* p. 22.  In the state court action, plaintiff alleged that the OAPA's consideration of his aggravated assault conviction in its decision setting the date of his next parole hearing violated the constitutional doctrine of separation of powers.  *Exhibit H* attached to *Complaint*, *Harris v. Wilkinson*, 2001-Ohio-4052;  *Exhibit L* attached to *Complaint*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005 Ohio App. LEXIS 5506, ¶ 4.  Although plaintiff ultimately chose not to pursue his claims based on separation of powers through the second appeal of the state court case, that claim could have been pursued to final judgment.  *See Exhibit L* attached to *Complaint*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005 Ohio App. LEXIS 5506, ¶ 16 (although plaintiff alleged separation of powers claim in original complaint, he "failed to include any separation of powers claims in his amended complaint").

In the state court action plaintiff also complained that the OAPA "violated the terms of the plea agreements by considering the aggravated assault conviction for which the sentence already expired, and is a separate conviction from the others that he pled guilty to and was sentenced in 1989 that have unexpired sentences."  *Exhibit L* attached to *Complaint*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005 Ohio App. LEXIS 5506, ¶ 10.  Again, that is the precise claim that plaintiff brings before this Court in the instant action. *Complaint* ¶¶ 21, 23.  In the final

9

decision on the merits,  the state appellate court held that, "[G]iven the forgoing, it is clear that even though the sentence for appellant's aggravated assault conviction was expired, the [O]APA had the authority to consider the aggravated assault conviction." *Id.* ¶ 14.

Fourth, the instant action arises out of the same transaction and occurrence that formed the subject matter of the state court action. *Exhibit H* attached to *Complaint*, *Harris v. Wilkinson*, 2001-Ohio-4052, 2001 Ohio App. LEXIS 5257;  *Exhibit L* attached to *Complaint*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005 Ohio App. LEXIS 5506.  In the state court action, plaintiff complained that his next parole hearing was set based on the Parole Board's allegedly improper consideration of his aggravated assault conviction.  *Exhibit L* attached to *Complaint*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005 Ohio App. LEXIS 5506, ¶¶ 4, 16.  Likewise, plaintiff in this action complains of events that arose from this same nucleus of operative facts, *i.e.*, the Parole Board's consideration of his aggravated assault conviction in setting the date for his next parole hearing.  *Complaint* ¶¶ 10-12, pp.12-14.

Accordingly, because, in this Court's judgment, the courts of Ohio would accord preclusive effect to the earlier state court judgment, this Court must likewise give that judgment preclusive effect.  *See Allen*, 449 U.S. at 96.  Consequently, even accepting all plaintiff's well-pleaded facts as true, *see Scheuer,* 416 U.S. at 236, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See Conley,* 355 U.S. at 45-46.

**B.** **Plaintiff's Motion for Summary Judgment**

Based on the Court's conclusion that this action must be dismissed for failure to state a claim upon which relief can be granted, *Plaintiff's Motion for Summary Judgment* is rendered moot.

**C.     Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff moves the Court for permission to amend the *Complaint* to add a *habeas corpus* claim pursuant to 28 U.S.C. §§ 2254, 2241(c)(3).  The Court, however, concludes that justice does not require the grant of plaintiff's request.

**1.     Standard under Rule 15(a) of the Federal Rules of Civil Procedure**

Fed. R. Civ. P. 15(a) permits a party to amend the complaint after a responsive pleading has been filed only by stipulation or leave of court, but requires that such leave "be freely granted when justice so requires."  Fed. R. Civ. P. 15(a).  That standard has been construed by the Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court[.]

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

**2.     Discussion**

11

Defendants argue that *Plaintiff's Motion for Leave to File Amended Complaint* should be denied because a *habeas corpus* action and a Section 1983 action differ significantly in both nature and procedure. *Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Supplemental Pleading* at pp. 3-4, Doc. No. 15.[1] Moreover, defendants contend that the proposed amendment would be futile and because plaintiff did not exercise due diligence in requesting the amendment. *Id.* The Court agrees.

Because the nature of a *habeas* claim and a claim under Section 1983 differ significantly in nature, so do the procedural rules applicable to each. *Heck v. Humphrey*, 512 U.S. at 480 ("Both of these provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation."). There are unique procedural requirements that must be met before a federal court can entertain a *habeas* claim. Under Rule 2(d) of the Rules Governing Section 2254 Cases, a *habeas* petition must be submitted on a form prescribed by the *habeas* rules or on a form prescribed by a local district court rule. *See* RULES GOVERNING § 2254 CASES, 28 U.S.C.A. foll. § 2254 (West Supp. 2004)). Rule 2(c) requires the petitioner to sign the petition under penalty of perjury. *Id.* Rule 4 requires the district court to perform a preliminary review and dismiss the case if the petitioner is plainly not entitled to relief. *Id.* That rule further requires that, if the court does not dismiss the case at the outset, the clerk must serve a copy of the petition on the respondent. *Id.* Rule 5(a) provides that the respondent need not answer the petition unless a judge so orders. *Id.* In this action,

---

[1] Defendants incorporated by reference this document into their memorandum in opposition to *Plaintiff's Motion for Leave to File Amended Complaint*. Doc. No. 26.

none of these procedural rules have been considered because they simply do not apply to an action under Section 1983.

Moreover, the Court is unable to engage in a proper preliminary evaluation of the proposed amendment because plaintiff failed to present to it a proposed amended petition.  Leave to amend may be denied on grounds of futility when the amended pleading would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Rose v. Hartford Underwriters, Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  "Without viewing the proposed amendment, it [is] impossible for [this Court] to determine whether leave to amend should [be] granted." *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003).

The Court therefore concludes that *Plaintiff's Motion for Leave to File an Amended Complaint* must be denied.  In reaching this conclusion, however, the Court expresses no opinion as to the propriety of filing a separate *habeas corpus* action.

**WHEREUPON**, in light of the foregoing analysis, *Plaintiff's Motion for Leave to File an Amended Complaint*, Doc. No. 24, is **DENIED** without prejudice to the institution of a *habeas corpus* action.  It is **RECOMMENDED** that *Defendants' Motion to Dismiss*, Doc. No. 7, be **GRANTED** and that *Plaintiff's Motion for Summary Judgment*, Doc. No. 11, be **DENIED** as moot.

If any party seeks review by the District Judge of the portion of this document that entails the *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Responses to

13

objections must be filed within ten (10) days after being served with a copy thereof.  Fed. R. Civ.

P. 72(b).

The parties are specifically advised that failure to object to the *Report and*

*Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and

of the right to appeal the decision of the District Court adopting the *Report and*

*Recommendation*.  *See Thomas v. Arn,* 474 U.S. 140 (1985);  *Harris v. City of Akron,* 20 F.3d

1396 (6th Cir. 1994);  *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers,*

*AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

 August 16, 2006                                                    s/Norah McCann King      
Date                                                        Norah McCann King
United States Magistrate Judge