**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DWAYNE HARRIS,

   **Plaintiff,**

          **Case No. 2:05-CV-1133**

 **v.**

          **JUDGE GEORGE C. SMITH**

          **Magistrate Judge Norah McCann King**

OLIVIA KARL, *et al*.,

   **Defendants.**

## ORDER

  This is a civil rights action under 42 U.S.C. §1983 ("Section 1983"), in which plaintiff, a prisoner of the State of Ohio, alleges that the Ohio Adult Parole Authority ("OAPA") violated his constitutional rights and acted in breach of his plea agreements by considering at his parole hearing an aggravated assault conviction for which the sentence had expired.  On August 16, 2006, the United States Magistrate Judge issued an *Order and Report and Recommendation*, denying plaintiff's motion to amend the complaint to assert a habeas corpus claim and recommending that defendants' motion to dismiss be granted and that plaintiff's motion for summary judgment be denied.  Doc. No. 32. This matter is before the Court on *Plaintiff's Objections to Report and Recommendation*. Doc. No. 37.  For the reasons set forth below, plaintiff's objections are **OVERRULED**.  The *Order and Report and Recommendation* is hereby **ADOPTED AND AFFIRMED**.

## I.  RELEVANT BACKGROUND

On February 21, 2001, plaintiff filed an action in the Franklin County Court of Common Pleas ("state court action"), raising the same claims asserted in this action.  Plaintiff appealed the judgment entered in the state court action to the proper appellate court and the case was finally resolved on December 15, 2005, by decision of the Ohio Supreme Court.  *Exhibit I* attached to *Complaint*, *Lanye v, Ohio Adult Parole Authority*, 97 Ohio St.3d 456, 2002-Ohio-6719 (2002); *Exhibit H* attached to *Complaint*, *Harris v. Wilkinson*, 2001-Ohio-4052; *Exhibit L* attached to *Complaint*, *Harris v. Wilkinson*, 2005-Ohio-6104, 2005 Ohio App. LEXIS 5506; *Order and Report and Recommendation* at 2-4.

On December 19, 2005, plaintiff filed the *Complaint* in this action.  On February 10, 2006, defendants filed *Defendants' Motion to Dismiss*.  Doc. No. 7.  On February 23, 2006, plaintiff filed *Plaintiff's Opposition to Defendants' Motion to Dismiss*, Doc. No. 8, and on March 1, 2006, defendants filed *Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss*, Doc. No. 10.

On March 22, 2006, plaintiff filed *Plaintiff's Motion for Summary Judgment*, Doc. No. 11, and on April 7, 2006, defendants filed a memorandum *contra Plaintiff's Motion for Summary Judgment*, Doc. No. 13.  On June 23, 2006, plaintiff filed a reply brief in support of his motion for summary judgment.  Doc. No. 23.

On July 7, 2006, plaintiff filed *Plaintiff's Motion for Leave to File an Amended Complaint*, Doc. No. 24.  On July 24, 2006, defendants filed a memorandum *contra Plaintiff's Motion for Leave to File an Amended Complaint*, Doc. No. 26, and on August 2, 2006, plaintiff filed a reply brief in support of his motion to amend the complaint, Doc. No. 29.

On August 16, 2006, United States Magistrate Judge King issued an *Order and Report*

2

*and Recommendation*, Doc. No. 32, wherein she denied *Plaintiff's Motion for Leave to File an Amended Complaint*, Doc. No. 24, and recommended that *Defendants' Motion to Dismiss*, Doc. No. 7, be granted and that *Plaintiff's Motion for Summary Judgment* be denied as moot.

On August 28, 2006, plaintiff objected to the *Order and Report and Recommendation* in its entirety.

## II.    STANDARDS OF REVIEW

Plaintiff objects to the *Order and Report and Recommendation* as it relates to plaintiff's motion to file an amended complaint, a nondispositive motion, and as it relates to *Defendants' Motion to Dismiss* and *Plaintiff's Motion for Summary Judgment*, both dispositive motions. Consequently, this Court must enlist two standards to review *Plaintiff's Objections to Report and Recommendation*.  The United States Court of Appeals for the Sixth Circuit instructs:

> Thus, [28 U.S.C.] § 636(b) creates two different standards of review for district courts when a magistrate judge's finding is challenged in district court.  A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A).  *United States v. Raddatz*, 447 U.S. 667, 673 (1980).  Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the *de novo* standard.  *See id.* at 674.

*United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## III.    ANALYSIS

### A.    Plaintiff's Objection to the Recommended Grant of Defendants' Motion to Dismiss

In her *Order and Report and Recommendation*, Magistrate Judge King recommended dismissal of plaintiff's claims against defendants because plaintiff's claims are barred by the doctrine of *res judicata,* reasoning  that "the courts of Ohio would accord preclusive effect to the earlier state court judgment, [so] this Court must likewise give that judgment preclusive effect.

*See Allen [v. McCurry*], 449 U.S. [90,] 96 [1980]."  *Report and Recommendation* at 6-10.

In plaintiff's objections, plaintiff argues that the magistrate judge misapplied the doctrine of *res judicata* and that she misused Fed. R. Civ. P. 12(b)(6) to avoid considering plaintiff's evidence.  *Plaintiff's Objections to Report and Recommendation* at 1-6.  In his objections, however, plaintiff raises no argument related to the doctrine of *res judicata* that was not raised before the magistrate judge.  Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the magistrate judge's recommendation that defendants' request for dismissal be granted on the basis of *res judicata*, and concludes that her analysis is correct.  Accordingly, plaintiff's objection is overruled and Magistrate Judge King's recommendation that plaintiff's claims be dismissed is adopted and affirmed.

With regard to plaintiff's argument that the magistrate judge misused Fed. R. Civ. P. 12(b)(6), plaintiff specifically contends that he and defendants submitted matters outside the pleadings and, consequently, *Defendants' Motion to Dismiss* should have been converted to one for summary judgment.  *Plaintiff's Objections to Report and Recommendation* at 3.  *See also Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) ("[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss.").  In the *Order and Report and Recommendation*, Magistrate Judge King considered only the *Complaint* and the exhibits attached to it.  Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the recommendation that *Defendants' Motion to Dismiss* be granted and concludes that no matters outside the pleadings were considered.

Determination of whether a matter falls outside the pleadings warrants a certain amount of flexibility.  *See Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. 2001).  The United States

Court of Appeals for the Sixth Circuit has "taken a liberal view of what falls within the pleadings for purposes of Rule 12(b)(6)." *Id.*  Hence, documents attached to a motion to dismiss or to a complaint "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner*, 108 F.3d at 89; *McGee v. Simon & Schuster Inc.*, 154 F. Supp.2d 1308, 1311 fn.3 (S.D. Ohio 2001).  If extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment.  *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997); *see also Delahunt v. Cytodyne Technologies*, 241 F. Supp.2d 827, 831-32 (S.D. Ohio 2003).

The documents attached to the *Complaint* are expressly referred to in the *Complaint* and are central to plaintiff's claims.  Moreover, even if the documents were not specifically referred to, they merely fill in the contours and details of the *Complaint*, adding nothing new.  The documents about which plaintiff complains are properly considered part of the pleadings, and the magistrate judge did not err in relying upon them in her consideration of *Defendants' Motion to Dismiss*.  Accordingly, plaintiff's objection is overruled and the magistrate judge's recommendation that *Defendants' Motion to Dismiss* be granted is adopted and affirmed.

**B.      Plaintiff's Objection to the Recommended Denial of Plaintiff's Motion for Summary Judgment**

In the *Order and Report and Recommendation*, the magistrate judge also recommended that *Plaintiff's Motion for Summary Judgment* be denied as moot in light of her recommendation that this action be dismissed for failure to state a claim upon which relief can be granted.  *Order and Report and Recommendation* at 11.  In his objections, plaintiff argues that the magistrate judge improperly applied the standards governing motions for summary judgment, Fed. R. Civ.

5

P. 56(c).

Pursuant to 28 U.S.C. 636(b)(1), this Court, *supra*, has conducted a *de novo* review of Magistrate Judge King's recommendation to dismiss this action and, for the reasons stated *supra*, has affirmed it. Thus, the Court also affirms the magistrate judge's denial of plaintiff's summary judgment motion as moot. *See Storey v. Hutchinson*, 56 Fed. Appx. 228, 229 (6th Cir. 2003) (affirming district court's dismissal of prisoner's suit and denial as moot of a pending motion for summary judgment). Accordingly, plaintiff's objection is overruled and the Court adopts and affirms Magistrate Judge King's recommendation that *Plaintiff's Motion for Summary Judgment* be denied as moot.

## C.  Plaintiff's Objection to the Denial of Plaintiff's Motion for Leave to File an Amended Complaint

In *Plaintiff's Motion for Leave to File an Amended Complaint*, plaintiff requested permission to add a *habeas corpus* claim and an additional defendant. In the *Order and Report and Recommendation*, the magistrate judge denied plaintiff's motion based upon the conclusion that a *habeas corpus* action and a Section 1983 action differ significantly in both nature and procedure, *see* RULES GOVERNING § 2254 CASES, 28 U.S.C.A. foll. § 2254 (West Supp. 2004), and because plaintiff did not tender the proposed amended pleading, making it impossible for the Court "to determine whether leave to amend should [be] granted[,] *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003)." *Order and Report and Recommendation* at 11-13.

This Court agrees with Magistrate Judge King's analysis and conclusion. Moreover, plaintiff's objections present no arguments not raised before the magistrate judge. Accordingly, the Court concludes that the magistrate judge's denial of *Plaintiff's Motion for Leave to File an Amended Complaint* is neither clearly erroneous nor contrary to law, *see Curtis*, 237 F.3d at 603

and 28 U.S.C. § 636(b)(1)(A.

**WHEREUPON**, in light of the foregoing, *Plaintiff's Objections to Report and Recommendation*, Doc. No. 37, are **OVERRULED**.  The *Order and Report and Recommendation*, Doc. No. 32, is hereby **ADOPTED AND AFFIRMED**.  This action is **DISMISSED WITH PREJUDICE**.  The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in defendants' favor.


*/S/ George C. Smith*
**GEORGE C. SMITH**
**UNITED STATES DISTRICT JUDGE**

7